IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 20 P 4: 22

| | |
|---|---|
| RONAIL BROWN, FREDERICK DAVIS, JR., ERIC VICKERS and JAMEZ WILLIAMS, § § § Plaintiffs, § § v. § § BESTWAY RENTALS, INC., § § Defendant. § § | CASE NO.: CV-~~06-~~ 2:06cv261-WHA JURY DEMAND |

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. This is a civil rights action for legal and equitable relief to redress unlawful race discrimination in employment and to redress the harms imposed in violation of state law.

### II. JURISDICTION

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1343; pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000, *et seq.*, including 42 U.S.C. § 2000e-3(a); and pursuant to 42 U.S.C. § 2000e-5(f)(3) and (g); and 42 U.S.C. § 1981. In addition, the jurisdiction of this Court is pursuant to 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgement Act). Furthermore, the jurisdiction over Plaintiffs' claims for costs, expenses and attorney fees is conferred by 42 U.S.C. § 1988.

3. All Plaintiffs have exhausted the necessary administrative prerequisites. Prior to filing this civil action, Plaintiffs timely filed written Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts and file this suit within 90 days of the Right-to-Sue letters from the EEOC dated 12/21/05 (Williams), 12/22/05 (Vickers), and 12/28/05 (Brown and Davis). Plaintiff Williams received the Right to Sue letter for his retaliation claim on 12/28/05.

4. Jurisdiction over Plaintiffs' claims based on Alabama law exists under the Doctrine of Supplemental Jurisdiction. 28 U.S.C. § 1367.

## III. VENUE

5. All acts complained of herein relate to Plaintiffs' employment within the Middle District of Alabama, 28 U.S.C. § 1391 and § 1391 (b) and (c).

## IV. THE PARTIES

6. **Ronail Brown** - Ronail Brown is a resident of Autauga County, Alabama. Plaintiff Brown is an African-American citizen of the United States. He worked for Bestway Rentals, Inc., from November 27, 2001 until April 9, 2004, at its Pelham and Prattville stores. Plaintiff Brown was constructively terminated from his position. Plaintiff Brown alleges he was terminated as part of a pattern and practice of racial discrimination which includes the failure to promote, termination and disparate treatment of African-American employees of Defendant.

7. **Frederick Davis, Jr.** - Frederick Davis, Jr., is a resident of Montgomery County, Alabama. Plaintiff Davis is an African-American citizen of the United States. He worked for Bestway Rentals, Inc., from April 15, 2003 to April 3, 2004, at its Montgomery and Prattville stores. Plaintiff Davis was constructively terminated from his position. Plaintiff Davis alleges he was terminated as part of a pattern and practice of racial discrimination which includes the failure to promote, termination and disparate treatment of African-American employees of Defendant.

8. **Eric Vickers** - Eric Vickers is a resident of Montgomery County, Alabama. Plaintiff Vickers is an African-American citizen of the United States. He worked for Bestway Rentals, Inc., from 2000 to April 15, 2004, at its Montgomery and Prattville stores. Plaintiff Vickers was constructively terminated from his position. Plaintiff Vickers alleges he was terminated as part of a pattern and practice of racial discrimination which includes the failure to promote, termination and disparate treatment of African-American employees of Defendant.

9. **Jamez Williams** - Jamez Williams is a resident of Montgomery County, Alabama. Plaintiff Williams is an African-American citizen of the United States. He worked for Bestway Rentals, Inc., from July 11, 2003 to September 2004, at its Montgomery and Prattville stores. Plaintiff Williams was constructively terminated from his position. Plaintiff Williams alleges he was terminated as part of a pattern and practice of racial discrimination which includes the failure to

promote, termination and disparate treatment of African-American employees of Defendant. Plaintiff Williams also alleges retaliation against him in the terms and conditions of his employment.

10. **Defendant Bestway Rentals, Inc**. - Defendant Bestway Rentals, Inc., is a corporation incorporated under the laws of Texas doing business within the State of Alabama. Defendant Bestway Rentals, Inc., operates approximately 70 rent-to-own stores throughout the United States, including Arkansas, Alabama, Tennessee, Mississippi, South Carolina, North Carolina and Georgia. Defendant Bestway Rentals, Inc. is an "employer" within the meaning of Title VII and is subject to suit under all of the claims alleged herein. Defendant is engaged in the rental-purchase industry.

11. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## V. FACTUAL ALLEGATIONS

12. Plaintiffs Brown, Davis, Vickers and Williams were each employees of Bestway Rentals, Inc. Plaintiffs were subjected to unlawful discrimination on the basis of their race throughout their employment at Defendant's Prattville and Montgomery stores.

13. David Cramer is a white male and the president of Defendant. Cramer condoned and encouraged the disparate treatment of African American employees.

4

14. Roger Estep is a white male and is Defendant's vice president. Estep is a former employee of Rent-A-Center, a competitor of Bestway Rentals, Inc. Estep condoned the disparate treatment of qualified African American employees to create employment opportunities for former white employees of Rent-A-Center.

15. Jim Perkins is an African American male and was the district manager of the area that included Defendant's stores in Prattville and Montgomery.

16. During his employment, Perkins was instrumental in ensuring that all employees in his respective district received the tools necessary to assist them with advancement opportunities.

17. On or about late May 2003, Perkins resigned his position after being demoted by Roger Estep to a store manager.

18. Upon information and belief, there was no legitimate non-discriminatory reason for Perkins's demotion.

19. Perkins was replaced by Paul Hilton, a white male. Upon information and belief, Hilton is a former employee of Rent-A-Center.

20. Plaintiff Vickers began his employment with Defendant in 2000 as an account manager. He returned to his employment with Defendant in February 2003.

21. In May 2003, Vickers was promoted to store manager by Jim Perkins and was assigned to the Prattville store. At the time of his promotion, Perkins informed Vickers that he would receive training for his position as store manager. However, Perkins was demoted and constructively terminated prior to Vickers receiving any training.

22. When Hilton assumed the duties of district manager, Plaintiff Vickers informed Hilton that he was a new manager and needed training.

23. Vickers made requests for training on several occasions; however, each request was denied. Instead, Hilton took the opportunity to train other white managers.

24. Hilton demonstrated his racial animus toward African Americans on several occasions.

25. Hilton refused to provide training to any of the African American store managers in his district. Instead of providing training, Hilton devised a plan to replace these managers with white managers.

26. Hilton also instructed Vickers to write up his African American employees (who at the time were Plaintiffs Brown, Davis and Williams) for minor infractions. Vickers was told that he would be reprimanded if he did not comply with Hilton's instructions.

27. Plaintiff Vickers satisfactorily performed his duties despite the lack of training.

28. Following a successful audit in mid-March 2004, Hilton informed Vickers that he had two weeks to reduce the accounts at his store to 100.

29. Although Vickers worked hard in an attempt to accomplish this task, this was an unreasonable goal for any manager. Upon information and belief, Hilton used this unreasonable assignment as the sole basis for Vickers' demotion on April 9, 2004.

30. Upon information and belief, Hilton did not impose the same restrictions on white managers.

31. Plaintiff Brown began his employment with Defendant on November 27, 2001, in its Pelham, AL store.

32. On March 7, 2002, after completing a ninety day probationary period, Brown was promoted to assistant manager by Jim Perkins.

33. Shortly after Brown's promotion, he was transferred to Defendant's store in Prattville, AL. Brown performed his duties in a satisfactory manner.

34. Plaintiff Brown's opportunities for advancement ended when Hilton became district manager.

35. Plaintiff Vickers recommended Brown to Hilton for a promotion to manager on several occasions. For example, Vickers recommended Brown for promotion to a manager position in Montgomery.

36. Brown was not considered for this promotion or any other available manager position solely because of his race.

37. Plaintiff Davis began his employment with Defendant on April 15, 2003, as an account manager in Montgomery.

38. Defendant does not have any written qualifications or guidelines for promotions.

39. Upon his hire, Davis was informed that he would be required to complete ninety days of employment prior to being considered for a promotion to assistant manager.

40. Davis was also informed that he would have to complete a series of tests in Defendant's Best Foot Forward manual in order to be considered for promotion.

41. Upon information and belief, the tests in the Best Foot Forward manual are not related to the knowledge, skills and abilities required for the positions of assistant manager and manager.

42. Upon information and belief, the tests in the "Best Foot Forward" manual have a disparate impact on persons of color.

43. At the completion of the ninety day period, Davis was transferred to the Prattville store and informed that he would be in training for an assistant manager position.

44. Davis performed his duties in a satisfactory manner.

45. For example, on more than one occasion, Davis was listed as the number one account manager for his district in the "Account Managers Weekly Rankings."

46. Davis also successfully completed the tests in the Best Foot Forward Manual.

47. Despite his accomplishments, Davis was overlooked and never considered for promotion to assistant manager.

48. Plaintiff Williams began his employment as an account manager in Montgomery.

49. Upon his hire, Williams was also informed that he would be eligible for a promotion after ninety days of employment and the completion of tests in the Best Foot Forward manual.

50. On several occasions Hilton demonstrated his racial animus towards Brown, Davis and Williams.

51. For example, Hilton refused to provide any instruction and training to the employees in the Prattville store and other stores with predominately African American employees.

52. Additionally, Hilton berated, cursed and used derogatory language when addressing Plaintiffs Brown, Davis and Williams.

53. Following one such incident with Hilton, Plaintiffs Brown, Davis and Williams complained to their manager, Plaintiff Vickers, about Hilton's behavior.

54. Plaintiff Vickers approached Hilton about the language he used and his derogatory treatment of Plaintiffs Brown, Davis and Williams.

55. Vickers asked Hilton to treat his employees with respect. Hilton acknowledged that he had stepped out of line; however, he instructed Vickers to write up Brown, Davis and Williams for minor infractions.

56. Against his better judgment, Vickers complied with Hilton's instructions.

57. On April 9, 2004, shortly after his conversation with Hilton, Plaintiff Vickers was demoted and transferred to one of Defendant's stores in Montgomery.

58. Chris Adkins, a white male, was promoted and replaced Vickers as manager in the Prattville store.

59. Upon information and belief, at the time of his promotion, Adkins had no prior experience in the rent-to-own business, but was quickly promoted to manager within ninety days of his employment.

60. Plaintiffs Brown, Davis and Williams were not considered for this promotion.

61. Chris Adkins demonstrated his racial animus towards African Americans on a number of occasions. For example, Adkins often used racial jokes in an attempt to intimidate and ridicule the African American employees under his supervision.

62. Adkins further demonstrated his disrespect and contempt towards African American female customers by addressing them as "Girl", "Girlfriend", "Honey", "Baby" or "Sweetheart." Adkins would use "Mr." or "Mrs." when addressing white customers.

63. After the constructive termination of Vickers, Brown and Davis, Plaintiff Williams continued to work in the Prattville store with Adkins.

64. Adkins refused to provide information regarding promotional opportunities to Williams.

65. Instead, Adkins hired Billy Blackshear, a white male with no previous rent-to-own experience and immediately began grooming him for an assistant manager position.

66. Although Blackshear was an account manager, he was not required to perform the same duties and responsibilities as Williams or other account managers. For example, Adkins instructed Blackshear that he did not have to go on deliveries, perform any physical tasks or collect on accounts.

67. Blackshear was also allowed to complete tests in the Best Forward Manual before Williams.

68. However, Plaintiff Williams was required to make deliveries and to collect on accounts.

69. David Cramer is a white male and the president of Bestway Rental.

70. Cramer condoned and encouraged Adkins's discriminatory treatment of Williams. For example, on a visit to the Prattville store in January 2004, Cramer told Adkins

to remove a picture of Williams and his white female friend located in Williams's cubicle because he believed it to be offensive.

71. After Adkins learned that Williams had filed a charge of discrimination, he began to retaliate against him by ridiculing, demeaning and cursing at Plaintiff Williams on a daily basis.

72. Adkins would refer to Williams as a "fucking idiot," "dumb ass," "stupid idiot," and "dick wad."

73. Adkins also commented to Williams that he must be mixed with "something else" because he did not have a big nose or lips like other African Americans.

74. Oftentimes, Adkins would scream in Williams's face in an attempt to provoke Williams to violence. When Williams attempted to walk away to avoid the abuse, Adkins would then threaten to write him up for insubordination if he moved.

75. Adkins would also brag that his grandfather started the Klan in Alabama in an attempt to further intimidate Williams.

76. When Plaintiff Williams injured his arm on the job, Adkins called Williams's treating physician to inquire about the status of his injuries. When Adkins learned that Plaintiff Williams's duties would be limited, Adkins stated that he would be sure to work the other arm off.

77. Adkins did not treat white employees in this manner.

78. Adkins would also write Williams up for no legitimate reason.

79. Adkins used racially discriminatory metaphors demonstrating a discriminatory state of mind.

80. Plaintiffs were discriminated against in the terms and conditions of their employment as stated above, based on their race and because they opposed racial discrimination.

81. A racially discriminatory work environment existed and continued to exist from the time of the Plaintiffs' assignment to the Prattville store continuing throughout the remainder of their employment.

82. Plaintiffs believe that racial discrimination is the standard operating procedure at Bestway Rental, Inc.

83. Plaintiffs were directly affected by said discriminatory and retaliatory practices and by being deprived of the opportunity to work in an environment free of racial discrimination and retaliation. Such discrimination and retaliation denied Plaintiffs the right to work in a racially integrated work environment and otherwise affected their opportunities for enjoyment of work as compared to white employees.

84. As a direct and proximate cause of said acts, Plaintiffs are entitled to back pay with interest, front pay, compensatory and punitive damages, and attorneys' fees and costs.

## VI. STATEMENT OF CLAIMS

**CLAIM ONE**
**VIOLATION OF TITLE VII, 42 U.S. C. § 2000e** *et seq.*
**(Discrimination on the Basis of Race)**

85. Plaintiffs reallege the above paragraphs as if fully set out herein.

86. Plaintiffs are members of a class protected by 42 U.S.C. § 2000e *et seq.*, and are qualified for employment with Bestway Rentals, Inc.

87. The conduct of Defendant, Bestway Rentals, Inc., as set forth above, constitutes unlawful discrimination against Plaintiffs on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and is part of Defendant's pattern and practice of discrimination on the basis of race. Plaintiffs were denied a work environment free of discrimination in violation of 42 U.S.C. § 2000e *et seq.*, *as amended*, 42 U.S.C. § 1981a, and were not given equal opportunity in the terms and conditions of their employment.

88. Defendant's said treatment of Plaintiffs on the basis of race altered the terms and conditions of Plaintiffs' employment and unreasonably interfered with Plaintiffs' opportunity and ability to perform their jobs.

89. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, loss of self esteem, depression, expense, embarrassment, and damage to their reputations.

### CLAIM TWO

### VIOLATION OF 42 U.S.C. § 1981
**(Discrimination and Retaliation on the Basis of Race)**

90. Plaintiffs adopt and reallege the above paragraphs as if fully set out herein.

91. Plaintiffs are members of a class protected by 42 U.S.C. § 1981 and are qualified for employment with Bestway Rentals, Inc.

92. The conduct of Defendant, its agents and employees constitutes unlawful discrimination and retaliation against Plaintiffs on the basis of race, in violation of 42 U.S.C. § 1981, and constitutes part of Defendant's pattern and practice of retaliation and discrimination on the basis of race.

93. As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to their reputations.

## CLAIM THREE
## RETALIATION UNDER TITLE VII

94. Plaintiffs adopt and reallege the above paragraphs as if fully set out herein.

95. The conduct of Defendant as set forth herein against Plaintiff Williams constitutes unlawful retaliation against Plaintiff Williams for having opposed discriminatory treatment based upon race and constitutes further retaliation against Plaintiff Williams for filing an EEOC charge and participating in the EEOC process, in violation of Title VII and § 1981a.

96. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to his reputation.

## CLAIM FOUR
## NEGLIGENT SUPERVISION AND TRAINING

97. Plaintiffs adopt and reallege the above paragraphs as if fully set out herein.

98. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligent supervision and training.

99. At all relevant times, Defendant was responsible for the training and supervision of its district managers and managers at various locations throughout the state of Alabama.

100. The conduct of Defendant as set forth above, was a breach of Defendant's duty to Plaintiffs to exercise care in supervising and training employees, and such breach proximately caused Plaintiffs to be terminated, suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiffs' damage.

## CLAIM FIVE
## NEGLIGENT RETENTION

101. Plaintiffs adopt and reallege the above paragraphs as if fully set out herein.

102. This is a claim arising under the laws of the state of Alabama claiming that Defendant committed the tort of negligent retention.

103. The conduct of Defendant as set forth above, was a breach of its duty to Plaintiffs to exercise care in retaining employees, and such breach proximately caused them to be terminated, suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiffs' damage.

## CLAIM SIX
## NEGLIGENCE

104. Plaintiffs adopt and reallege the above paragraphs as if fully set out herein.

105. This is a claim arising under the law of the state of Alabama claiming that Defendant committed the tort of negligence.

106. Defendant, by its actions and omissions, breached the standard of care owed to Plaintiffs while employees of Defendant. The conduct of Defendant, as set forth herein, was a breach of its duty to Plaintiffs to exercise due care.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Defendant:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. §§ 1981, 1981a and 2000e, *et seq.*, and state tort law;

(b) Ordering Defendant, Bestway Rentals, Inc., to make Plaintiffs whole by providing appropriate front pay, back pay and interest thereon, and reimbursement for lost compensation, prejudgment interest, and all other entitlements and emoluments in an amount to be shown at trial, and other affirmative steps immediately to eliminate the effects of the discriminatory and retaliatory practices complained of herein;

(c) Granting to Plaintiffs reasonable attorneys' fees, expert fees, costs, and expenses incurred herein, 42 U.S.C. §§ 1988 & 2000e-5(k);

16

(d) Granting to Plaintiffs compensatory, liquidated, and punitive damages to the extent permitted by law;

(e) Retaining jurisdiction over this action until the Defendant, Bestway Rentals, Inc., has fully complied with the Orders of this Court and requiring said Defendant to file such reports as may be necessary to supervise such compliance;

(f) Ordering Defendant, Bestway Rentals, Inc., to adopt and strictly enforce written rules prohibiting discrimination and retaliation in the workplace; that such rules provide for the prompt and appropriate investigation of all related complaints; and that such rules require formal disciplinary action to be taken against any employee or agent found to have engaged in such discrimination or retaliation against any employee;

(g) Granting such other, further, and different relief to Plaintiffs which it may deem proper.

Respectfully submitted this _20_ day of __March__, 2006.

/s/ M. Wayne Sabel
M. WAYNE SABEL *(SAB002)*
Attorney for Plaintiffs

_____
M. WAYNE SABEL *(SAB002)*
Attorney for Plaintiffs

_____
MARICIA WOODHAM *(BEN050)*
Attorney for Plaintiffs

_____
MARK SABEL *(SAB004)*
Attorney for Plaintiffs

**OF COUNSEL:**
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Rd.; Suite 100-5
Montgomery, AL 36106
Telephone:  (334) 271-2770
Facsimile:   (334) 277-2882

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues so triable.

_____
MARICIA WOODHAM
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Complaint has been served upon the following:

Bestway Rentals, Inc.
12400 Coit Road
Suite 950
Dallas, TX 75251

through their registered agent:

The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

by delivering same to the United States District Court Clerk's office, with instructions to mail, via certified mail, first class postage provided and prepaid and properly addressed on this the 20 day of March, 2006.

_____
MARICIA WOODHAM