IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONAIL BROWN, FREDERICK DAVIS, JR., ERIC VICKERS and JAMEZ WILLIAMS, | § § § § |
| Plaintiffs, | § § |
| v. | §  CASE NO.: 2:06cv261-WHA § § JURY DEMAND |
| BESTWAY RENTALS, INC. | § § |
| Defendant. | § |

**DEFENDANT'S ORIGINAL ANSWER TO**
**PLAINTIFFS' COMPLAINT**

**I.**

**INTRODUCTION**

1. Defendant acknowledges that in Paragraph 1 of Plaintiffs' Complaint. Plaintiffs purport to bring a lawsuit regarding unlawful race discrimination, and state law claims. However, Defendant denies that this suit is properly authorized or maintainable under federal statutory law or state common law, or that it discriminated against Plaintiffs

## II.

## JURISDICTION

2. Defendant admits that the Court has jurisdiction as alleged in Paragraph 2 of the Complaint.

3. Defendant only admits that Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received right to sue letters as alleged in Paragraph 3 of the Complaint. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

## III.

## VENUE

5. Defendant admits that this Court is the proper venue as alleged in Paragraph 5 of the Complaint.

## IV.

## THE PARTIES

6. Defendant admits that Plaintiff Brown is an African American resident of Alabama and that he previously worked for Defendant at one or more of its Alabama stores as alleged in Paragraph 6 of the Complaint. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff Davis is an African American resident of Alabama and that he previously worked for Defendant at one or more of its Alabama stores as alleged in Paragraph 7 of the Complaint. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff Vickers is an African American resident of Alabama and that he previously worked for Defendant at one or more of its Alabama stores as alleged in Paragraph 8 of the Complaint. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff Williams is an African American resident of Alabama and that he previously worked for Defendant at one or more of its Alabama stores as alleged in Paragraph 9 of the Complaint. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies that it is a Texas Corporation as alleged in Paragraph 10 of the Complaint. Defendant admits the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

V.

## FACTUAL ALLEGATIONS

12. Defendant admits the allegation in the first sentence of Paragraph 12 of the Complaint. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint, as stated.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint, as stated.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant admits the allegation contained in the first sentence of Paragraph 21 of the Complaint. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant is without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore denies the allegations.

33. Defendant admits the allegations in the first sentence of Paragraph 33 of the Complaint. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant is without sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies the allegations.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant is without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies the allegations.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant is without sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies the allegations.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant is without sufficient information to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies the allegations.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant admits the allegations in Paragraph 48 of the Complaint

49. Defendant is without sufficient information to admit or deny the allegations in Paragraph 49 of the Complaint, and therefore denies the allegations.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant admits only that Vickers was demoted as alleged in Paragraph 57 of the Complaint. Defendant denies the remaining allegations in Paragraph 57.

58. Defendant admits the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant admits the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint, as stated.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant admits that David "Kraemer" is a white male and the President

of Bestway as alleged in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint. Defendant also denies that Plaintiffs are entitled to any relief or damages that they seek in their Complaint or otherwise.

## VI.

## STATEMENT OF CLAIMS

### CLAIM ONE

85.     Defendant incorporates by reference its answers to Paragraphs 1 through 85 as though fully set forth herein.

86.     Defendant admits that Plaintiffs are in a protected class as alleged in Paragraph 86 of the Complaint.  Defendant denies the remaining allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

### CLAIM TWO

90.     Defendant incorporates by reference its answers to Paragraphs 1 through 90 as though fully set forth herein.

91.     Defendant admits that Plaintiffs are members of a protected class as alleged in Paragraph 91 of the Complaint.  Defendant denies the remaining allegations in Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

## CLAIM THREE

94. Defendant incorporates by reference its answers to Paragraphs 1 through 94 as though fully set forth herein.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

## CLAIM FOUR

97. Defendant incorporates by reference its answers to Paragraphs 1 through 97 as though fully set forth herein.

98. Defendant acknowledges that Plaintiffs purport to bring a claim for negligent supervision and training; however, Defendant denies that such claim is proper, authorized, or maintainable under Alabama law.

99. Defendant admits the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

## CLAIM FIVE

101. Defendant incorporates by reference its answers to Paragraphs 1 through 100 as though fully set forth herein.

102. Defendant acknowledges that Plaintiffs purport to bring a claim for negligent retention; however, Defendant denies that such claim is proper, authorized, or maintainable under Alabama law.

103.  Defendant denies the allegations in Paragraph 103 of the Complaint.

## CLAIM SIX

104.  Defendant incorporates by reference its answers to Paragraphs 1 through 103 as though fully set forth herein.

105.  Defendant acknowledges that Plaintiffs purport to bring a claim for negligence; however, Defendant denies that such claim is proper, authorized, or maintainable under Alabama law.

106.  Defendant denies the allegations in Paragraph 106 of the Complaint.

## PRAYER FOR RELIEF

107.  Defendant denies that Plaintiffs are entitled to any of the relief or damages that they seek in their Complaint or otherwise, including that sought in their Prayer for Relief and its subparts (a) through (g).

108.  Defendant denies each and every allegation in the Complaint not expressly answered herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If all of the alleged conduct of which Plaintiffs' complain of actually occurred, Plaintiffs' claims would be barred to the extent Plaintiffs welcomed, instigated, consented to, acquiesced in, or otherwise waived objections to such conduct.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they failed to take advantage of the preventative or corrective opportunities provided by Defendant's written policy concerning harassment and discrimination or otherwise failed to avoid harm.

## FOURTH AFFIRMATIVE DEFENSE

The challenged employment actions were based on legitimate, non-discriminatory reasons that were not pretextual.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to mitigate their alleged injuries and damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they failed to satisfy all the prerequisite conditions precedent to the filing of an action under Title VII of the Civil Rights Act of 1964.

## SEVENTH AFFIRMATIVE DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant cannot be held liable for any punitive damages because any alleged wrongful employment decisions were contrary to Defendant's good faith efforts to comply with the anti-discrimination laws. Defendant did not ratify any alleged discriminatory actions, it was not reckless in hiring anyone who allegedly committed discriminatory acts, and no discriminatory acts were committed by persons employed in a managerial capacity.

## NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the United States Constitution because: (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive, and/or disproportionate punishment that serves no legitimate governmental interests; (b) there is an absence of procedural safeguards accorded to defendants in criminal proceedings, including a "reasonable doubt" standard of proof; and (c) there are

inadequate standards and procedures for reviewing awards of punitive damages.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

If challenged employment actions were based on the result of any alleged tests, they were based on professionally developed ability tests.

### FOURTEENTH AFFIRMATIVE DEFENSE

The challenged employment actions were consistent with business necessity.

### FIFTEENTH DEFENSE

Any challenged standard, criterion or policy is job-related and consistent with business necessity.

## SIXTEENTH DEFENSE

The Plaintiffs' negligence claims are barred by the doctrines of assumption of the risk and contributory negligence.

## SEVENTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative and other defenses, as they become known through discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, judgment be entered that Plaintiffs take nothing by their suit, and all relief prayed for by Plaintiffs in their action be denied; that Defendant recovers all costs of Court incurred; and that Defendant have such other and further relief, general and special, legal and equitable, to which it may show itself justly entitled.

Dated this 12th day of April, 2006.

        Respectfully submitted,

        s/ John W. Sheffield

        John W. Sheffield
        Bar Number: (ASB-7423-D62J)
        Email: jws@jbpp.com
        One of the Attorneys for Defendant
        Bestway Rentals, Inc.
        **JOHNSTON BARTON PROCTOR & POWELL LLP**
        2900 AmSouth/Harbert Plaza
        1901 6th Avenue North
        Birmingham, Alabama  35203-2618
        Telephone:  (205) 458-9400
        Facsimile:  (205) 458-9500

**OF COUNSEL:**

Robert F. Friedman, Esq.
Texas Bar No. 24007207
*Pro Hac Vice* Pending
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue, Suite 2600
Lock Box 116
Dallas, Texas 75201
Telephone:  (214) 880-8155
Facsimile:  (214) 880-0181
E-mail:  RFriedman@littler.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on April 12, 2006, using the CM/ECF system, which will send notification of such filing to the following:

M. Wayne Sabel, Esq.
Maricia Woodham, Esq.
Mark Sabel, Esq.
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106
Telephone: (334) 271-2770
Facsimile: (334) 277-2882

                                                s/ John W. Sheffield
                                                Of Counsel